NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HORIZON CHRISTIAN SCHOOL, an
Oregon nonprofit corporation; et al.,

Plaintiffs-Appellants,

v.

KATE BROWN, Governor, State of Oregon,

Defendant-Appellee.

No.    21-35005

D.C. No. 3:20-cv-01345-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 7, 2021[**]
Portland, Oregon

Before:  O'SCANNLAIN, PAEZ, and BENNETT, Circuit Judges.

Plaintiffs-Appellants, religious K-12 schools in Oregon and parents of

students who attend religious schools in Oregon, appeal from the district court's

denial of their renewed motion for a preliminary injunction enjoining Oregon's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

mandatory restrictions on in-person schooling in response to the COVID-19 pandemic. We have jurisdiction to review the district court's denial of a preliminary injunction under 28 U.S.C. § 1292(a)(1). Reviewing for abuse of discretion, *see Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009), we affirm.

To obtain a preliminary injunction, Plaintiffs were required to demonstrate that: (1) they would be "likely to succeed on the merits," (2) they would be "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008). The district court did not abuse its discretion in denying Plaintiffs' motion for a preliminary injunction, as it appropriately determined that Plaintiffs had not shown they were likely to suffer irreparable harm because, at the time of the district court's decision on December 31, 2020, Gov. Brown had already announced that all restrictions on in-school instruction would become advisory the next day.

Considering Gov. Brown's announcement of a change in policy, Plaintiffs failed to demonstrate that they "'remain[ed] under a constant threat' that [Gov. Brown] will use [her] power to reinstate the challenged restrictions." *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021) (quoting *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020)). The circumstances here are unlike those in

*Roman Catholic Diocese of Brooklyn,* where the Supreme Court held that the plaintiffs, churches and synagogues, remained likely to suffer irreparable harm despite a change in state executive action in response to the COVID-19 pandemic. There, the applicants challenged a provision of an executive order issued by the Governor of New York that capped attendance at worship services in certain geographic areas classified as "red" or "orange" zones. *Roman Cath. Diocese,* 141 S. Ct. at 65-66. "After the [plaintiffs] asked [the Supreme Court] for relief, the Governor reclassified the areas in question from orange to yellow," enabling the plaintiffs to "hold services at 50% of their maximum occupancy." *Id.* at 68. The Court reasoned that the plaintiffs remained likely to suffer irreparable harm because the overarching executive order capping attendance at worship services remained in effect, such that "[plaintiffs] remain under a constant threat that the area in question will be reclassified as red or orange." *Id.* The Court explained that injury was likely to recur because the "Governor regularly changes the classification of particular areas without prior notice," *id.*, and cataloged eight instances of unilateral classification changes in the previous thirty-five days, *id.* at 68 n.3.

By contrast, the factors that led the Supreme Court in *Roman Catholic Diocese of Brooklyn* to find irreparable injury remained likely—that the underlying mandatory restriction remained in effect and that there was evidence of the

Governor's practice of unilaterally changing the classifications under the policy without notice—are not present here. Instead, in the six months following Gov. Brown's imposition of Executive Order 20-29's health metrics policy restricting in-school instruction, she issued just one change to the policy, with advance notice and backed by scientific and social science reasoning: to make the health metrics and corresponding restrictions on in-person schooling advisory rather than mandatory. These circumstances demonstrate that Plaintiffs were not subject to a "constant threat" that Gov. Brown would prohibit them from holding in-person classes. *Id.* at 68. Thus, the district court did not err in determining that Plaintiffs failed to show they were likely to suffer irreparable harm or abuse its discretion in denying Plaintiffs' renewed motion for a preliminary injunction.

**AFFIRMED.**